# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT E. WRIGHT, ) | |
| CARLA S. WRIGHT, ) | Case No. 17-13391 TBM |
| ) | Chapter 11 |
| Debtors. ) | |

## MOTION FOR TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542 AND FOR A DETERMINATION THAT THE AUTOMATIC STAY IS INAPPLICABLE

NIMBUS CONCEPTS, LLC ("Nimbus"), by and through its undersigned counsel, and for its Motion for Turnover of Property Pursuant to 11 U.S.C. § 542 and for a Determination that the Automatic Stay is Inapplicable, states as follows:

### Preliminary Statement

1. Prior to filing the instant motion, counsel for Nimbus conferred with counsel for Robert E. Wright ("Mr. Wright") and Carla S. Wright (together, "Debtors") to determine whether they believe the automatic stay applies to Nimbus' request for turnover of its business records and whether Debtors would voluntarily produce the business records at issue. Nimbus has not received a definitive answer and files the instant motion to obtain the business records it needs complete its own bankruptcy filing.

### Procedural and Factual Background

2. Debtors filed their voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 17, 2017 (the "Wright Bankruptcy").

3. Nimbus filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 11, 2017, Case No. 17-21235 TBM (the "Nimbus Bankruptcy").

4. Prior to the Debtors' bankruptcy filing, Mr. Wright owned a 51% membership interest in Nimbus, a Delaware limited liability company. After the Debtors' bankruptcy filing, Mr. Wright's management interest in Nimbus was terminated pursuant to Nimbus' Operating Agreement and Del. Code Ann. tit. 6, § 18-304 (West).

5. Nimbus is a creditor in the Wright Bankruptcy.

## Motion for Turnover

6. Nimbus has not yet prepared and filed all the statements and schedules required in the Nimbus Bankruptcy under Section 521 of the Bankruptcy Code. Nimbus has obtained permission from this Court to file the missing statements and schedules by January 15, 2018 (Docket No. 22 in the Nimbus Bankruptcy). Certain business records that Nimbus will need to comply with Section 521 of the Bankruptcy Code and meet the January 15th deadline are in the possession, custody, or control of Mr. Wright (the "Business Records"). The Business Records are property of the Nimbus Bankruptcy Estate pursuant to Section 541 of the Bankruptcy Code.

7. Under Section 542(e), "after notice and a hearing, the court may order […] [a] person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." Pursuant to Section 542(a), "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use […], shall deliver to the trustee, and account for, such property […]."

8. By this motion, Nimbus seeks an order compelling Mr. Wright to immediately transmit to Nimbus the following Business Records (whether hard copy or digital) pursuant to Section 542(a) and (e): Any and all memoranda; reports; records; data compilations, in any form; legal documents; tax returns; correspondence; minutes; accounting source documents, contracts, and notes relating to Nimbus' business dealings.

## Motion for a Determination that the Automatic Stay of the Wright Bankruptcy is Inapplicable

9. The Debtors may argue that the automatic stay of Section 362 of the Bankruptcy Code (the "Stay") should prevent Nimbus, one of Mr. Wright's creditors, from compelling Mr. Wright to turnover the Business Records. This argument must fail for at least two reasons. First, the Business Records are not property of the Wright Bankruptcy estate. Accordingly, Sections 362(a)(3), (4), and (5) are inapplicable. Second, the instant motion for turnover is not a "judicial, administrative, or other action or proceeding against the [Debtors] that *was or could have been commenced before* the commencement of the [Wright Bankruptcy] or to recover a claim against the [Debtors] that arose *before* the commencement of the" Wright Bankruptcy. It was not until the Nimbus Bankruptcy was filed *after* the Wright Bankruptcy was initiated that the need arose to recover the Business Records from Mr. Wright. Therefore, Section 362(a)(1) is also inapplicable. The remaining subsections of Section 362(a) are inapplicable as the instant motion for turnover is not an attempt to enforce a judgment (362(a)(2)), collect, assess, or recover a claim against the Debtors (362(a)(6)), setoff a debt (362(a)(7)), or commence a tax court proceeding (362(a)(8)).

10. Nimbus also seeks a determination that the Stay is inapplicable to the motion for turnover.

**WHEREFORE,** Nimbus respectfully requests that this Court determine that the Stay is inapplicable to the motion for turnover, order the Debtors to transmit the Business Records to Nimbus immediately, and grant Nimbus such further relief as the Court deems just.

Dated this 29th day of December, 2017.

    Respectfully submitted,

    WADSWORTH WARNER CONRARDY, P.C.

    */s/David J. Warner*
    _____
    David V. Wadsworth, #32066
    David J. Warner, #38708
    1660 Lincoln St., Suite 2200
    Denver, Colorado 80264
    (303) 296-1999; (303) 296-7600 (fax)
    dwadsworth@wwc-legal.com
    dwarner@wwc-legal.com
    ATTORNEYS FOR THE DEBTOR